# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ALLIED ERECTING AND DISMANTLING CO., INC.,** *et al.*, | ) ) ) | **CASE NO. 4:08CV589** |
| PLAINTIFFS, | ) ) | **JUDGE PETER C. ECONOMUS** |
| v. | ) ) ) | |
| **GENESIS EQUIPMENT & MANUFACTURING, INC.,** *et al.*, | ) ) ) | **ORDER** |
| DEFENDANTS. | ) | |

The instant matter is before the Court upon Defendants' Motion for Reconsideration of the Construction of the Term "Bridge Housing." (Dkt. # 40). Plaintiffs have filed a Response in Opposition, (Dkt. # 43), and Defendants have filed a Reply, (Dkt. # 47).

Defendants ask the Court to reconsider its Claim Construction Order of January 20 2010, with respect to the construction of the term "bridge housing." (Dkt. # 37). The Court has reviewed Defendants' Motion and finds no basis for reconsidering its January 20, 2010, Order. Therefore, Defendants' Motion for Reconsideration is hereby **DENIED**. (Dkt. # 40).

In the alternative, Defendants ask the Court to certify the question of the proper definition of the term "bridge housing" for interlocutory appeal to the Federal Circuit, pursuant to 28 U.S.C. § 1292(b). Section 1292(b) allows a district court to certify an

1

issue for interlocutory appeal where the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

As Plaintiffs point out, the Federal Circuit "does not encourage interlocutory appeals from claim construction decisions." Canon, Inc. v. GCC Intern, Ltd., 263 F.App'x. 57 (Fed. Cir. 2008). The Court has emphasized that "other than the accommodation for deferred accounting in 28 U.S.C. § 1292(c)(2), the rules of finality that define the jurisdiction of [the Court of Appeals for the Federal Circuit] do not contain special provisions for patent cases or admit to exceptions for strategic reasons or otherwise." Nystrom v. TREX Co., Inc., 339 F.3d 1347, 1350 (Fed. Cir. 2003). Accordingly, the Federal Circuit generally declines interlocutory review of claim construction orders. See Enzo Biochem, Inc. v. Applera Corp., 213 F.App'x 974 (Fed. Cir. 2006) (denying permission to appeal claim construction order from District of Connecticut, even where portions of claim construction conflicted with claim construction order issued in pending case in Southern District of New York); Linear Technology Corp. v. Impala Linear Corp., 31 F.App'x 700, 702 (Fed. Cir. 2002) (denying interlocutory review of claim construction where parties failed to show that claim construction "would definitely decide the case" or would materially advance the ultimate termination of the litigation). Where the Federal Circuit has permitted interlocutory appeals of claim construction orders, there have generally been special circumstances warranting such review. See e.g., Regents of Univ. of California v.

Dakocytomation Cal., Inc., 517 F.3d 1364, 1371 (Fed. Cir. 2008) (interlocutory appeal of claim construction "especially desirable in this case in view of the pendency of the related appeal on the denial of the preliminary injunction based on some of the same issues").

In the instant matter, Defendants assert that "allowing Defendants a quick interlocutory appeal of this issue will likely materially advance the ultimate termination of the litigation." (Dkt. # 40 at 6). Defendants do not expound on this assertion to demonstrate how a decision on a single term may bring about the termination of the litigation.[1] Given the history and complexity of the instant matter, as well as that of the related trade secrets case, the Court is unconvinced that an interlocutory appeal on a single definition "may materially advance the ultimate termination of the litigation." Accordingly, certification of the issue for interlocutory appeal under 28 U.S.C. § 1292(b) is not warranted.

For the foregoing reasons, Defendants Motion for Reconsideration of the Construction of the Term "Bridge Housing" is hereby **DENIED**. (Dkt. # 40).

**IT IS SO ORDERED.**

                                      **/s/ Peter C. Economus – May 3, 2010**
                                      **PETER C. ECONOMUS**
                                      **UNITED STATES DISTRICT JUDGE**

---

[1] In their Reply, Defendants argue that because they have already indicated that they will appeal the Court's Claim Construction Order, "any summary judgment or trial on the merits of infringement…poses the real and substantial risk that the Federal Circuit will reverse or change or remand the question of claim construction – all of which will necessitate a do-over on these issues." (Dkt. # 47 at 4-5). This is true of any case, however, and does not bring the instant matter within the purview of § 1292(b).